# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Criminal Action No. 10-51 (RMC) |
| | ) | |
| MARK PRAY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Mark Pray (1), Kenneth Benbow (2), Randolph Danson (3), Alonzo Marlow (4), Robert McMillan (6), Timothy Moon (7), Charles Wade (10), Herman Williams (12), and Larry Williams (13) (collectively "Defendants") seek production of the periodic reports written by the prosecutors and provided to Judge Ricardo Urbina, who presided over the Title III wiretaps obtained by the U.S. Attorney's Office for the investigation of this case. Periodic reports assist a wiretap-authorizing court in determining what progress has been made in a criminal investigation and the need for continued interception. *U.S. v. Orozco*, 108 F.R.D. 313, 315 (S.D. Cal. 1986). Such reports contain the prosecutors' summaries of telephone conversations, theories of the case, and additional investigative leads.

The Court held a hearing on this matter on August 6, 2010. Defendants allege generally that they intend to challenge the necessity of the wiretaps and their various extensions and whether the prosecutors/agents used proper procedures. They also intend to challenge probable

cause for the wiretaps, the "presence of misleading or redundant statements, minimization,[1] the use of other investigative techniques, and any investigate [sic] gaps in the wiretaps." Pray's Mot. to Join Mot. to Compel ("Pray's Mot.") [Dkt. # 32] at 1-2. Defendants contend that prosecutors have provided periodic wiretap reports to defendants in other jurisdictions and thus that the prosecutors in this case should do the same. *See, e.g.*, *U.S. v. Bennett*, 219 F.3d 1117, 1123 (9th Cir. 2000) (disclosure of periodic reports was not at issue, but court noted that the government already had disclosed such reports to defendant); *U.S. v. Vastola*, 670 F. Supp. 1244, 1283-84 (D.N.J. 1987) (defendant's request for periodic report was moot because the government already had disclosed it).[2]

It is not relevant whether U.S. Attorney's Offices elsewhere provide the periodic wiretap reports to criminal defendants. The issue is whether the Government is *required* to divulge such reports to Defendants. Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to provide evidence that is "material" in preparing a defense. Evidence is material if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *U.S. v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006).

The periodic wiretap reports in this case do not constitute material evidence. First, the reports are not required under the wiretap statute, 18 U.S.C. § 2518. *See Orozco*, 108 F.R.D. at

---

[1] Pursuant to the wiretap statute, Title III of the Omnibus Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520, the government is required to minimize the interception of communications unrelated to the illegal activity specified in the wiretap application. 18 U.S.C. § 2518(5). That is, the Government is required to make reasonable efforts to avoid monitoring non-pertinent calls. *See U.S. v. Wright*, 121 F. Supp. 2d 1344, 1348-49 (D. Kan. 2000).

[2] Counsel for Mark Pray represents to the Court that the U.S. Attorney's Office in the District of Maryland normally produces the periodic reports to defense counsel. Pray's Mot. at 2.

315. A Court presiding over a wiretap can, in its discretion, require periodic reports under § 2518(6). Because the wiretap statute does not require reports, the reports are not related to compliance with the statute.

Second, the reports are summaries of evidence and not the evidence itself. "Prepared as a summary of information to assist the court in judging compliance with its authorization order, progress reports do not provide a defendant with any original information beyond what can be found in the tapes, transcripts, and monitor log sheets." *U.S. v. Wright*, 121 F. Supp. 2d 1344, 1350 (D. Kan. 2000). Periodic wiretap reports are "the prosecutor's summary of the relevant line sheets which, in turn, are a periodic summary of the monitor log sheets." *Id*. Where defendants have been given access to the tapes of the phone calls, the wiretap application, and the orders relating to the wiretap application, access to the periodic reports is not necessary. *Id.; accord U.S. v. Marchman*, 399 F. Supp. 585, 586 (E.D. Tenn. 1975). Tapes, line sheets, and call logs are the best sources of information regarding statutory compliance and minimization. *Wright*, 121 F. Supp. 2d at 1350. Here, the Government has produced to Defendants the evidence itself — including the tapes of the telephone calls, line sheets, and call logs, as well as the Title III applications, affidavits in support thereof, and orders relating to each wiretap. The Government further indicates that it does not intend to introduce the periodic reports as evidence in this case.[3]

Third, the reports are not related to probable cause. Judge Urbina found probable cause based on the agent's affidavits in support of the wiretaps, not based on the reports. The prosecutors prepared the reports *after* each wiretap was approved. "The applications for orders [or

---

[3] Prosecutors, not agents, wrote the periodic reports at issue in this case. There is no indication that any prosecutor will be required to testify, and thus the reports are not material evidence needed for impeachment or other purposes.

extensions] authorizing interception are the best sources of information to bolster an argument that the government lacked initial cause to seek such orders." *Orozco*, 108 F.R.D. at 316. "[I]t is unlikely that progress reports would uncover material falsity contained in the initial application which would not be evidenced by the application itself or by agents' testimony." *Id*.

Finally, the prosecutors' memos and notes regarding wiretaps are internal government documents exempt from discovery under Federal Rule of Criminal Procedure 16(a)(2). *U.S. v. Nakashian*, 635 F. Supp. 761, 775 (S.D.N.Y. 1986), *rev'd on other grounds*, 820 F.2d 549 (2d Cir. 1987). Rule 16(a)(2) provides:

> [T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2). Thus, courts have held that progress reports and the final report relating to a wiretap are not discoverable pursuant to Rule 16(a)(2). *See, e.g., U.S. v. Birdman*, Crim. No. 92-00133-07, 1992 WL 203318, *1 (E.D. Penn. 1992); *Orozco*, 108 F.R.D. at 315-17.

For the foregoing reasons, the Court will deny Timothy Moon's motion to compel discovery [Dkt. # 31], as joined by Mark Pray (1), Kenneth Benbow (2), Randolph Danson (3), Alonzo Marlow (4), Robert McMillan (6), Charles Wade (10), Herman Williams (12), and Larry Williams (13). A memorializing Order accompanies this Memorandum Opinion.

Date: September 3, 2010                  /s/
ROSEMARY M. COLLYER
United States District Judge